° [No. 7260. Decided August 17, 1908.]

# W. W. FRENCH et al., Respondents, v. WEST SEATTLE LIGHT & WATER COMPANY, Appellant.[1]

APPEAL — REVIEW — HARMLESS ERROR—ADMISSION OF EVIDENCE—WATERS—FLOODING—DAMAGES. In an action for damages to a house and lot by the breaking of water pipe located above plaintiff's premises, which flooded the premises and left the house on the brink of a precipice, it is not prejudicial error to allow the plaintiff to state that the reason that he moved his house across the street was because he did not want to be flooded out again, where no recovery was sought or permitted for the removal of the house.

SAME—EVIDENCE OF DAMAGES—OPINIONS. In an action for damages to a house and lot by flooding, it is not error requiring a reversal to allow the plaintiff, after going into the items of his damage, to state what he estimated his damages to be from the going out of a bulkhead, although the question was for the jury.

WATERS—WATER COMPANIES—FLOODING — DAMAGES — EVIDENCE—SUFFICIENCY. Evidence that a small cottage on a hillside lot was damaged by the negligent maintenance of a water pipe line, and that a portion of the land was carried away, sustains a verdict for the plaintiffs for $500; the amount being for the jury, they having viewed the premises.

Appeal from a judgment of the superior court for King county, Tallman, J., entered July 2, 1907, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in tort, after a trial on the merits. Affirmed.

*Ira Bronson* and *D. B. Trefethen*, for appellant.

*King Dykeman*, for respondents.

MOUNT, J.—Plaintiffs recovered a judgment for $500 against the defendant, on account of damages resulting to a house and lot by reason of a water pipe breaking and flooding plaintiffs' premises. The defendant appeals.

[1]Reported in 97 Pac. 60.

The appellant was operating a water system in the public streets of West Seattle. Respondents' house and lot were located on a side hill. The water pipe line owned by appellant was located in a street above respondents' premises. On November 10, 1906, the pipe line was found to be leaking. Appellant was notified, and attempted to repair the same. A day or two later the pipe parted at the place where the repair had been attempted, and respondents' premises were flooded. Damages were claimed in the sum of $1,250. The case was tried to a jury, and a verdict was rendered for $500.

It is alleged that the court erred in permitting the respondent W. W. French to answer the following question: "Well, then, I will ask why you moved the house across the street instead of on an adjoining lot." Answer: "Why, because I didn't want to be flooded out again." It appears from the evidence that the water pipe parted in the nighttime, and the water ran down the hillside during the night and throughout the next day, and flooded the house and washed away a portion of respondents' lot and the street, so as to leave the house standing on the brink of a precipice. It is argued that the question and answer were prejudicial, because they were based on the idea that the appellant might repeat the alleged act of negligence. We think this evidence was not prejudicial, in view of the fact that the water pipe had sprung a leak previously at this point, and was a menace to respondents' property. Of course, respondents were not compelled to remove their house in order to avoid such damages. Their recovery would be the same whether they removed the house or not, but the liability to dangers might have been a sufficient reason for so doing. It is not claimed that the court in its instructions to the jury permitted a recovery for the removal of the house. In fact, no error is alleged upon the instructions. We think the question and answer were not prejudicial.

It is also alleged that the following question and answer were erroneous: "Question: Mr. French, leaving out of con-

sideration the estimate of cost of moving the house and adjusting it, how much do you consider your property damaged by reason of the going out of the bulkhead and washing away of your lot?  Answer:  $1,000."  This was simply an estimate of the damages after the witness had gone into the items.  It is true this was a question for the jury to determine, but the estimate of the respondent is not sufficient to base a reversal upon.

The other two errors assigned are to the effect that the court erred in refusing a new trial, for the reason that there is no evidence to support the judgment, and in any event that the evidence fails to sustain a judgment for more than $300.  The evidence shows that respondents' house, which was a small cottage, was damaged, and a portion of their land was carried away, and that the damages arose from the negligent maintenance of the water pipe line.  Under the evidence we are satisfied a verdict for the respondents is justified.  The amount is a question of fact which was for the court and jury to determine.  The latter visited the premises and probably arrived at about the correct result.

Finding no error, the judgment must be affirmed.

HADLEY, C. J., CROW, FULLERTON, and DUNBAR, JJ., concur.